UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA CULBERTSON-CHAVIRA, | No. 2:17-cv-01702-JAM-AC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, et al. | |
| Defendants. | |

Plaintiff Brenda Culbertson-Chavira ("Plaintiff") sued Defendant Life Insurance Company of North America ("Defendant") for improperly denying her requests for long term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Compl., ECF No. 1. Shortly after Plaintiff filed suit, the parties requested a stay so Plaintiff could file an administrative appeal that Defendant could review. After the Court entered the stay, Defendant reversed its denial of Plaintiff's long term disability benefits. Plaintiff then filed this motion for attorney fees and costs of $58,314.41. Mem., ECF No. 17. Defendant opposes. Opp., ECF No. 18. For the reasons

1

set forth below, the Court denies Plaintiff's motion.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked as a hospital certified Pharmacy Technician for Community Memorial Health before her debilitating chronic spine and nerve pain rendered her unable to continue working in 2015. Compl., ¶¶ 11-12. Community Memorial Health System operates an employee welfare benefit plan insured by Defendant under Group Policy No. LK0980212 (the "Policy"). Id., ¶ 8.

On August 16, 2017, Plaintiff filed her complaint in this action against Defendant, Community Memorial Health System Employee Benefit Plan, and unnamed individuals, for allegedly violating 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f) and (g) of ERISA by unreasonably denying her long-term disability benefits. Id., ¶ 1. The parties shortly thereafter stipulated to dismiss Community Memorial Health System Employee Benefit Plan as a defendant without prejudice, which the Court approved. ECF Nos. 6-7. Next, the parties stipulated to staying this case to allow Plaintiff to submit an administrative appeal for Defendant's review and consideration. ECF No. 11. The Court approved this stipulation and entered the stay. ECF No. 12.

On April 11, 2018, the parties notified the Court that Defendant had completed its review of Plaintiff's administrative appeal and decided to overturn its prior decision denying long term disability benefits to Plaintiff. The parties further

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 19, 2018.

2

informed the Court that Plaintiff would be filing this motion for attorney fees and costs and a briefing schedule was set. ECF Nos. 14, 15. Other than this motion and the complaint, the parties have not submitted any substantive pleadings to the Court and the Court has not ruled on any substantive motions in this case. See Docket.

## II. OPINION

### A. Analysis

Plaintiff contends she is entitled to an award of attorney fees under ERISA because she has achieved success on the merits through this litigation by obtaining her previously denied benefits. Mem. at 2. Defendant counters that Plaintiff's victory in an administrative appeal during the litigation does not qualify as a success in an "action" under ERISA's attorney's fee provision. Opp. at 1. Defendant argues that, as a result, Plaintiff is not entitled to attorney fees or costs and that the motion should be denied. Id. The Court agrees.

Under ERISA's attorney fee provision, "[i]n any action under this subchapter... the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Ninth Circuit has held that an administrative phase of a claims process occurring prior to the lawsuit does not constitute an "action" under Section 1132(g)(1). Cann v. Carpenters' Pension Trust Fund for Northern California, 989 F.2d 313, 314 (9th Cir. 1993) (affirming the denial of attorney fees incurred during administrative proceedings prior to suit).

To obtain attorney fees under Section 1132(g)(1) a plaintiff must show "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 245 (2010). If the plaintiff meets this threshold inquiry, then the Court must determine whether five factors from Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1985) weigh in favor of awarding the plaintiff's attorney fees. Simonia v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d 1118, 1121 (9th Cir. 2010). The five factors are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Id.

Section 1132(g)(1) should be read broadly so that a plaintiff who "prevails in his [or her] suit under § 1132" "should ordinarily recover an attorney's fee unless special circumstances would render an award unjust." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal citation omitted). In the absence of special circumstances making an award unjust, it is an abuse of discretion for a district court to refuse to award fees. McConnell v. MEBA Medical and Benefits Plan, 778 F.2d 521, 525-26 (9th Cir. 1985); see also, Carpenters Health & Welfare Trust for S. California v. Vonderharr, 384 F.3d 667, 674 (9th Cir. 2004).

4

To support its argument that Plaintiff's victory in the administrative appeal is not a "success" in an "action" under ERISA's attorney fee provision, Defendant relies on <u>Cann</u> and <u>Ponce de Leon v. Int'l Longshoremen's & Warehousemen's Union-Pac. Maritime Ass'n Welfare Plan</u>, 704 Fed. Appx. 700 (9th Cir. Nov. 27, 2017). In <u>Cann</u>, the Ninth Circuit held that administrative proceedings prior to a lawsuit did not constitute an "action" under ERISA's attorney fee provision. 989 F.2d at 314. Here, however, the administrative appeal proceedings occurred after the lawsuit was filed. ECF No. 11. Neither party cites binding precedent defining "action" where the administrative proceedings occur after the lawsuit is filed. While the unpublished <u>Ponce de Leon</u> opinion is not binding precedent (U.S. Ct. of App. 9th Cir. Rule 36-3), it provides guidance as persuasive authority since it shares many of the unique procedural facts of this case.

In <u>Ponce de Leon</u>, the plaintiff voluntarily agreed to stay his litigation soon after filing his complaint and before the defendant filed a responsive pleading. 704 Fed. Appx. at 701. The district court "played largely a passive role" by staying the action under the parties' stipulation pending resolution of the administrative claims process (which the Ninth Circuit also referred to as an arbitration process). <u>Id.</u> at 701-02. The same is true here. ECF No. 12. The district court in <u>Ponce de Leon</u> stated that, as a result, "Ponce de Leon's litigation efforts were not responsible for his success, but were instead 'trivial' and 'purely' procedural." 704 Fed. Appx. at 701 (citing <u>Hardt</u>, 560 U.S. 242, 255 (2010)). The district court

5

held that there was no ERISA "action" in front of it and thus, "no pending litigation onto which Ponce de Leon could tack his administrative proceedings." Id. The Ninth Circuit affirmed the district court's decision and clarified that fees expended on administrative proceedings after a court-ordered remand may be recoverable, but not where the district court does not compel the parties to go to arbitration and merely enters the parties' stipulation to do so. Id.

Like Plaintiff here, Ponce de Leon also argued that the post-lawsuit arbitration proceedings in that case should be considered an "action" for the purposes of ERISA attorney fee recovery. 704 Fed. Appx. at 701. The Ninth Circuit rejected this argument, stating that "[s]uch an interpretation is inconsistent with our holding in Cann, which limits attorneys' fees to litigation proceedings. Plaintiffs may not circumvent Cann by filing suit before exhausting administrative remedies, in order to get the benefit of fee recovery." Id.

Here, the parties disagree over whether Plaintiff exhausted her administrative remedies. Mem. at 8; Opp. at 2. But it is undisputed that after Plaintiff filed suit, the parties stipulated to a stay that the Court entered, the parties entered into an alternative dispute process, Plaintiff obtained a reversal of her benefits denial in that process, and the Court has not ruled on one issue on the merits in this case. The Court has not even formally confirmed the award that Plaintiff obtained, unlike the court in Ponce de Leon. 704 Fed. Appx. at 701.

In her reply, Plaintiff responds that a judicial action is

6

not required for fees to be available for an "action" under ERISA's attorney fee provision. See Reply, ECF No. 23, at 3[2]. To support this argument, Plaintiff cites Smith, 746 F.2d at 589-91; McElwaine v. US West, Inc., 176 F.3d 1167 (9th Cir. 1999); Templin v. Indep. Blue Cross, 785 F.3d 861, 867 (3d Cir. 2015); Harrison v. Metro Life Ins. Co., No. 13-cv-05585, 2016 WL 4414851 (N.D. Cal. Jun. 21, 2016); Barnes v. AT & T Pension Benefit Plan-Nonbargained Program, 963 F. Supp. 2d 950, 962 (N.D. Cal. 2013); and Broadbent v. Citigroup Long Term Disability Plan, No. CIV 13-4081, 2015 WL 1189565 (D.S.D. Mar. 16, 2015). Reply at 3-4. Of these cases, only Smith and McElwaine are binding precedent. 746 F.2d at 58; 176 F.3d 1167. But they are inapposite. Unlike here, neither case involved a stay so the parties could engage in an alternative dispute resolution process and the district courts in those cases also made merits-based rulings. McElwaine, 176 F.3d at 1169, 1174 (district court granted summary judgment motion to employer while employer had, unknown to plaintiff at the time, decided to correct an error that resulted in lower pension benefits than required); Smith, 746 F.2d at 589 (district court's initial dismissal was reversed before the parties settled on remand).

The nonbinding cases that Plaintiff cites also are distinguishable from this case because the district courts in those cases made rulings on the merits before granting the plaintiff's attorney fees. In Templin, the Third Circuit ruled

---

[2] Plaintiff filed two reply briefs – one on June 12, 2018, when the reply was due and one on June 13, 2018, after the reply was due. The Court has only considered the reply brief filed on June 12, 2018.

7

that the district court incorrectly defined "some success" under Hardt to require judicial action. 785 F.3d 861, 863. But in that case, unlike here, the district court denied a motion to dismiss and ordered the defendants to review the plaintiff's claims. Id. at 863, 867. In Barnes, before finding the plaintiff showed "some success" on the merits, the Northern District of California made rulings on the merits by granting the plaintiff summary judgment on one of his claims and granting the defendant summary judgment on two claims. 963 F. Supp. 2d at 954-55.

In Harrison, the Northern District of California awarded attorney fees to a plaintiff for fees incurred during a litigation in achieving a settlement and rejected the plaintiff's request for attorney fees incurred in post-litigation administrative proceedings. 2016 WL 4414851, *1-2. In Broadbent, the District of South Dakota awarded partial attorney fees to a plaintiff for fees incurred in bringing a lawsuit that led to the defendant reversing its denial of benefits. 2015 WL 1189565, at *3-4. These unpublished cases are of limited use here, however, because they do not actually mention or define what is or is not an "action" under ERISA's attorney fee provision.

Plaintiff also argues that fees incurred for administrative proceedings are allowed under ERISA's attorney fee provision, relying on Peterson v. Cont'l Cas. Co., 282 F.3d 112, 119 (2d Cir. 2002) and Benson v. Cont'l Cas. Co., 592 F. Supp. 2d 1274, 1281 (C.D. Cal. 2009). Reply at 5. In Peterson, before awarding the plaintiff attorney fees and costs, the district

8

court denied full summary judgment to either party but found that the defendant erred in how it denied the plaintiff benefits, remanded the claim back to the claim administrator, and ultimately granted the plaintiff's motion for summary judgment. 282 F.3d at 115-16. In Benson, the Central District of California awarded the plaintiff attorney fees after it heard cross motions for summary judgment, remanded the case back to the defendant's employee welfare benefit plan, and then found that the plaintiff was entitled to benefits. 592 F. Supp. 2d at 1277. Like some of the cases above, and unlike this one, these cases reflect district courts making rulings on the merits before the plaintiff obtained an attorney fee award under ERISA's attorney fee provision.

As the moving party here, Plaintiff must show she is entitled to attorney fees under ERISA's attorney fee provision for an "action" where the Court has not ruled on any substantive motions on the merits, the parties have not filed any substantive motions on the merits, and Plaintiff obtained her award in an administrative proceeding that the parties voluntarily entered during the pendency of the litigation. There is, however, no binding or persuasive authority that supports an award of attorney fees and costs to Plaintiff under these circumstances. Cann and Ponce de Leon also guide against making such a finding. Because Plaintiff has failed to show that she achieved some success on the merits in an "action" under ERISA's attorney fee provision, the Court denies Plaintiff's request for attorney fees and costs.

///

B. _Evidentiary Objections_

Defendant objected to portions of the Declaration of Michael B. Horrow (ECF No. 17-1), arguing that some of his statements were argumentative, were improper legal conclusions, lacked foundation, lacked personal knowledge, were speculative, were cumulative of documentary evidence, mischaracterized evidence, were improper opinion testimony, mischaracterized the meet and confer process in litigation, were hearsay, mischaracterized the Defendant's position, and mischaracterized the facts, relevant legal authority, and procedural posture of the litigation. ECF No. 19. The Court did not rely on any of the statements to which objections were raised. So, the Court need not, and does not, address these objections. See _Wilson v. Haria and Gogri Corp._, No. CIV.S-05-1239, 2007 WL 1795737, at n.3 (E.D. Cal. Jun. 20, 2007).

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion for attorney fees and costs. The parties are directed to file a stipulation dismissing this action or, in the alternative, a joint status report informing the Court as to how they wish to proceed with this case within ten days of the date of this Order.

IT IS SO ORDERED.

Dated: July 23, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE